Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

DOCKETED ON CM
OCT 23 2007
BY ___ 197

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-3124 GAF (SSx)           Date: October 23, 2007
                                          Page 1

Title:   Terry L. Pinkney v. Pacific Harbor Line, Inc.
         and BNSF Railway Company, et al.

===================================================================
DOCKET ENTRY:   ORDER GRANTING IN PART AND DENYING IN PART
                PLAINTIFF'S MOTION TO COMPEL

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

Denise Lazo
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Don C. Aldrich, Esq.                  Wayne R. Sims, Esq.

**PROCEEDINGS:**

On September 28, 2007, Plaintiff Terry L. Pinkney ("Plaintiff") filed a "Notice of Motion and Motion to Compel" (the "Motion"). In addition, the parties submitted a Joint Stipulation (the "Jt. Stip."), reflecting their respective positions regarding the Motion. Each party also filed exhibits. On October 23, 2007, the Court held a hearing on the Motion.

The Motion seeks to compel Defendants to produce the "event recorder software" and electronic data to Plaintiff for his expert's use in this litigation and to provide a privilege log to Plaintiff. (Notice at 2). For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

**I.   Background**

Plaintiff's action arises out of an accident that occurred when he was thrown off of a train in motion. (Jt. Stip. at 2). Plaintiff fell beneath the wheels and his right arm was severed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. CV 06-3124 GAF (SSx) | Date: October 23, 2007 |
|---|---|
| | Page 2 |

between the elbow and shoulder. According to Plaintiff, the main issue in the case will be the cause of Plaintiff's fall off of the train. (Jt. Stip. at 2).

II. **Discussion**

A. **Motion To Compel Quantum Software**

Plaintiff's motion seeks to compel Defendants to produce to Plaintiff the "Quantum Software." (Id.). This software allows the "mining" and analysis of data contained within the train's "black box" device. (Id.).

According to Plaintiff, Defendants have produced certain material from the black box in a "graphical format." (Id.). Defendants argue that they have furnished all of the "raw data" obtained from the recorder and copies of all the data printouts made using the Quantum software.[1] (Jt. Stip. at 9). Defendants concede that the software organizes and displays the data. (Id.). Defendants argue that the Federal Rules of Civil Procedure only require them to produce the data "in the form in which it is ordinarily maintained, or in a form that is reasonably usable." (Jt. Stip. at 9). Defendants contend that by producing the electronic tape containing all the raw data, the graphic printout of the data relating to the accident and a digital printout of the same data, they have complied with their burden of production. (Id.).[2] Defendants note that Plaintiff's current expert, Charles

---

[1] At the hearing on Plaintiff's Motion, Defendants' counsel represented that Defendants had produced the raw data and graphic information for a certain number of hours surrounding the accident, not all the raw data recorded on the black box's system. In addition, Defendants' counsel acknowledged that raw data and graphic information was produced for less than all of the available twenty-three fields of information.

[2] Defendants complain that Plaintiff never served a specific request for the software. (Jt. Stip. at 10). To the extent Plaintiff requested the black box information, however, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 06-3124 GAF (SSx)          Date: October 23, 2007
                                       Page 3

---

Culver, is expressly prohibited from using the Quantum software by a permanent injunction entered in June 2005 by the United States District Court for the Southern District of Texas. (Jt. Stip. at 11; Exh. C). At the hearing, Plaintiff's counsel offered to replace his expert with a new expert, to prevent a violation of the June 2005 Injunction Order. Finally, Defendants contend that they are unable to provide the software to Plaintiff because of their licensing agreement with the software manufacturer, Quantum Engineering, Inc. (Jt. Stip. at 10). Plaintiff has offered to use the software on Defendants' premises and/or pursuant to a protective order, to avoid any violation of the Defendants' agreement with Quantum.

Rule 26(a)(1)(B) requires that a party disclose, as part of its required initial disclosures, a copy of all electronically stored information that is in the possession custody or control of the party and that the disclosing party may use to support its claims or defenses. The Court finds that the data contained in the black box is the kind of information that would ordinarily be disclosed under Rule 26(a)(1)(B). Moreover, although no party has specifically referred to discrete discovery request for the black box information, the Court assumes that such a request was made pursuant to Rule 34. Thus, the black box data clearly should be produced.

Production of this data under either Rule 26 or Rule 34, as electronically stored information, must be produced in a form that is "reasonably usable." See Rule 34(b)(ii). Plaintiff has met its burden of demonstrating that the black box data is not "reasonably usable" without the Quantum software that Defendants utilize to organize and search the data.

---

Court finds that Plaintiff's request implicitly contained a request that the information be produced in a manner that is usable or readable by Plaintiff. Because the software is necessary for organizing and <u>searching</u> the data, a request for the software was subsumed within the original discovery request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. CV 06-3124 GAF (SSx) | Date: October 23, 2007 |
|---|---|
| | Page 4 |

To the extent the Motion seeks to compel Defendants to produce a copy of the software to Plaintiff, the Motion is DENIED, in light of Defendants' concerns regarding its contractual obligations to Quantum. However, to the extent the Motion simply seeks access to the software, Plaintiff's Motion is GRANTED. The Court limits its order to permitting an expert retained by Plaintiff, other than Charles Culver or his associates, to enter Defendants' premises and utilize Defendants' software to search and analyze the black box data. The Court provides an entry onto Defendants' premises for one day (seven hours, maximum) only and at a time that is convenient for both Defendants' employees or representatives and Plaintiff's expert. The Court further orders that Defendants allow Plaintiff's expert reasonable access to a printer for the purpose of printing out results obtained during the entry onto Defendants' premises. Counsel for the parties are ORDERED to meet and confer as soon as possible to arrange for Plaintiff's expert to access Defendants' premises.

**B. Motion To Compel Privilege Log**

At the hearing, counsel for Defendants confirmed that all of James Booker's witness statements had been produced to Plaintiff. However, he also acknowledged that additional privileged documents existed which had not yet been disclosed to Plaintiff on a privilege log. The Court therefore GRANTS the Motion to compel, but only to the extent the Motion seeks to compel Defendants to produce a log of privileged documents not yet disclosed to Plaintiff. Defendants shall produce a privilege log to Plaintiff no later than October 26, 2007.

**III. Conclusion**

For the reasons stated above, the Motion is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk dm